| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 12/4/19 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
CALLE NARANJO, LLC,

        Plaintiff,

v.

HOTEL PARAÍSO CAMPESTRE, S.A. DE C.V.;
GMP, S.A. de C.V., RECURSOS Y
ADMINISTRACION INTEGRALES, S.A. de
C.V.; and GABRIEL MALDONADO
PUMAREJO.

        Defendants.
------------------------------------------------------------ X

ORDER DISMISSING FOR LACK
OF JURISDICTION

19 Civ. 7849 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Plaintiff Calle Naranjo, LLC filed this action seeking to enforce a foreign money judgment against Defendants, two Mexican companies and an individual who resides in Mexico, pursuant to Article 53 of New York Civil Practice Law and Rules, N.Y. C.P.L.R. § 5301, *et seq*. *See* ECF No. 1. Plaintiff asserts that subject matter jurisdiction exists here due to diversity of citizenship, *see* 28 U.S.C. § 1332. *See* ECF No. 1, at ¶ 6. Because Plaintiff has not adequately pleaded diversity, I dismiss the Complaint for lack of jurisdiction, with leave to amend.

    "The citizenship of a limited liability corporation is determined by the citizenship of each of its members." *Mack v. Harrah's Casino*, No. 08-cv-5690, 2010 WL 532867, at *2 (S.D.N.Y. Feb. 8, 2010) (citing *Catskill Litig. Trust v. Park Place Entm't Corp.*, 169 F. App'x 658, 659 (2d Cir.2006)); *see also Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Here, the Complaint alleges that Plaintiff that is a limited liability corporation, but fails to specify

1

Plaintiff's individual members. *See* ECF No. 1, at ¶ 2. I am therefore unable to evaluate the existence, or lack thereof, of complete diversity.

Accordingly, the Complaint is dismissed, with leave to file an amended complaint that alleges an adequate basis of jurisdiction no later than 30 days from the issuance of this order. The Clerk shall terminate Plaintiff's open motion to serve Defendants by alternative means (ECF No. 18). If and when Plaintiff has filed a complaint that states a basis for jurisdiction, Plaintiff may renew its motion to serve by alternative means.

SO ORDERED.

Dated:    December ⁄, 2019
              New York, New York

ALVIN K. HELLERSTEIN
United States District Judge